Jennie **CINOCCA**, Individually and as Administratrix of the Estate of Edward F. Cinocca, Deceased, Plaintiff,

v.

**BAXTER LABORATORIES, INC.**, a Delaware corporation, et al., Defendants.

Civ. A. No. 73–238.

United States District Court, E. D. Oklahoma, Civil Division.

Aug. 28, 1974.

Eddie Harper, Warren Gotcher, McAlester, Okl., for plaintiff.

William S. Hall, Tulsa, Okl., for defendants.

ORDER

DAUGHERTY, Chief Judge.

In this products liability case the action is based on an alleged defective heart valve. The person in whom the valve was inserted on June 25, 1968 died on December 8, 1971 allegedly because of the defective heart valve. The valve was manufactured and sold by Surgitool, Inc. After such manufacture and sale Defendant Travenol Laboratories, Inc., (Travenol) acquired the assets and apparently the rights, obligations and liabilities of Surgitool, Inc. Defendant Travenol is a wholly owned subsidiary of Defendant Baxter Laboratories, Inc. (Baxter). The third Defendant in the case is Surgitool Liquidating Company, Inc. Defendant Baxter by a motion now under consideration has attacked venue and jurisdiction of this Court over it and requests that the case be dismissed as to it. The Plaintiff resists the motion. The Court has been presented with Affidavits and Answers to Interrogatories in connection with the Motion. An evidentiary hearing has also been conducted regarding the Motion all being received or done pursuant to Schramm v. Oakes, 352 F.2d 143 (Tenth Cir. 1965).

From what has been presented to the Court it is quite clear, and the Court so finds that Baxter has transacted no business in Oklahoma and would not in any way have the required "minimum contacts" with Oklahoma so as to make it subject to be sued in Oklahoma Courts, except through the activities of Travenol. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Travenol admits venue and jurisdiction herein. The question before the Court thus is when and under what circumstances does a wholly owned subsidiary, who admits doing business in a state, bring its parent into the state in the sense of the parent transacting business in the state for purpose of venue, jurisdiction and long arm service of process as to said parent.

This Court in Zwingle v. Tyson's Foods, Inc., 241 F.Supp. 940 (W.D.Okl. 1965) had the same problem before it in a somewhat similar situation. It was concluded in that case that the parent corporation must be shown to control or direct the everyday business or operations of the wholly owned subsidiary if it is to be subject to the venue and jurisdiction of a state in which such wholly owned subsidiary has transacted business but in which the parent has not.

The evidence before the Court reveals some overlap in officers and board members of the two companies and the principal headquarters of each company is located at the same place. But, as Plaintiff states in her brief:

"Common Directors and officers do not subject the parent to be responsible for the obligations of the subsidiary. Fisser v. International Bank (CA2 1960) 282 F.2d 231."

Plaintiff has failed to meet the test applied in Zwingle v. Tyson's Foods, Inc., *supra*, as such test has been taken from United States v. Scophony Corporation, 333 U.S. 795, 68 S.Ct. 855, 92 L. Ed. 1091 (1948).[1] Indeed, Plaintiff would be hard put to do this as the manufacture and sale of the heart valve involved were both accomplished by Surgitool, Inc. long before Travenol, as a wholly owned subsidiary of Baxter, acquired its assets, rights, obligations and liabilities. Moreover, Plaintiff has not shown Baxter to control or direct the everyday business or operations of Travenol at the present time. The evidence reveals without dispute that the business decisions and everyday business operations of Travenol are conducted by Travenol's officers under the policies and directions of Travenol's board of directors and not by Baxter's officers or board.

Plaintiff has claimed but again has failed to establish by any evidence the relationship of principal and agent between Baxter and Travenol in connection with the subject matter of this case or in any other sense.

The Court therefore finds and concludes that venue and jurisdiction over Baxter are lacking in this Court under the evidence and applicable law. The Motion under consideration should be granted.

It is therefore ordered this 28 day of August, 1974, that the Motion under consideration is granted and this action is dismissed as to the Defendant Baxter for lack of venue and jurisdiction.

---

1. Plaintiff has this burden. See Leasco Data Processing Equipment Corp. v. Maxwell, 319 F.Supp. 1256 (S.D.N.Y.1970).